# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

RODNEY R. RHODES,

        Petitioner,

v.

SUPERINTENDENT ANGOL,

        Respondent.[1]

Case No. 3:24-cv-00218-SLG

## ORDER RE SECTION 2241 PROCEEDING

On October 8, 2024, Rodney R. Rhodes, a self-represented pre-trial detainee, filed a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) ("Section 2241") challenging his pretrial detention; he also filed a civil cover sheet and an application to proceed without prepaying the filing fee.[2] The Court takes judicial notice of Petitioner's ongoing criminal case *State of Alaska vs. Rhodes,* Case No. 3PA-21-00393CR.[3] The Court has reviewed the Petition and any attached exhibits.

---

[1] Although Petitioner names "Supt. Jones" in this case, Sarah Angol is the current Superintendent of Goose Creek Correctional Center. The proper respondent in a proceeding governed by Section 2254 is the custodian of the facility where the petitioner is held. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Thus, it is appropriate to substitute Sarah Angol as Respondent.

[2] Dockets 1–3.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2024). *See also Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted). Docket records of the Alaska Trial Courts and the Alaska

Based on that review, it does not plainly appear that Petitioner is not entitled to relief in the district court.[4] Therefore, pursuant to the Local Habeas Corpus Rules, the Local Magistrate Rules, and the Rules Governing Section 2254 cases in the United States District Courts,

**IT IS HEREBY ORDERED:**

1. The Clerk shall substitute Superintendent Sarah Angol as the named Respondent and shall update the caption accordingly.[5] All future filings must use the amended caption, *Rhodes v. Angol*.

2. The matter is referred to Magistrate Judge Kyle Reardon pursuant to Local Magistrate Rule 5(3) for pretrial proceedings and dispositive recommendations.

3. By agreement between the Court and the State of Alaska, Office of Criminal Appeals, the Office of Criminal Appeals has agreed to accept service on behalf of the Respondent. The Clerk of Court is therefore directed to serve the § 2241 Petition at Docket 1 and this order on:

>Tamara E. DeLucia, Solicitor General
>Office of Criminal Appeals
>310 K Street, Suite 702

---

Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[4] *See* Rule 4, Rules Governing Section 2254 Proceedings in the United States District Courts.

[5] Fed. R. Civ. P. 25(d); *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained").

Case No. 3:24-cv-00218-SLG, *Rhodes v. Angol*
Order re Section 2241 Proceeding
Page 2 of 5
Case 3:24-cv-00218-SLG-KFR   Document 4   Filed 10/16/24   Page 2 of 5

Anchorage, AK 99501

4. Once an attorney is assigned to this case by the Office of Criminal Appeals, that attorney shall file a notice of appearance on or before **14 days** from the date of this order.

5. The Criminal Justice Act (CJA) authorizes the Court to appoint an attorney for a person filing a petition for a writ of habeas corpus if the Court finds the petitioner cannot afford an attorney. **Within 30 days** of the date of this order, Mr. Rhodes must file either (1) a request for court-appointed counsel on the enclosed Motion for Appointment of Counsel with a completed Financial Affidavit, or (2) a Notice of Intent to Proceed Without Counsel and represent himself.

6. Within **30 days** from Petitioner's Notice of Intent to Proceed without Counsel or the Court's order on Petitioner's Motion for Appointment of Counsel, Petitioner—or his representative— must file either: (1) an amended Section 2241 petition or (2) a notice that no amended petition will be filed.

7. The Office of Criminal Appeals shall file an Answer within **30 days** from the date of service of an amended petition or notice. Under Rule 5(b) of the Rules Governing Section 2254 Cases, the Answer should address the allegations of the Petition, and, in addition, state whether any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations. The Office of Criminal Appeals must also supplement the Answer

Case No. 3:24-cv-00218-SLG, *Rhodes v. Angol*
Order re Section 2241 Proceeding
Page 3 of 5
Case 3:24-cv-00218-SLG-KFR   Document 4   Filed 10/16/24   Page 3 of 5

with appropriate copies of transcripts, affidavits, and a memorandum of points and authorities material to the issues raised.[6]

8. Petitioner—or his representative—may file a Reply to the Answer within **14 days** of service of the Answer.

9. There shall be no further briefing on the Petition unless ordered by the Court.

10. The Court may hold an evidentiary hearing on its own motion, or on the motion of a party. Either party may make a motion for an evidentiary hearing **within 30 days** after the date the Respondent files its Answer. A motion for an evidentiary hearing must contain a clear and concise statement of the necessity of the hearing, including why the evidence in the record is not sufficient.[7]

11. No party shall have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a United States District Judge or Magistrate Judge of this Court about the merits of this action. All communication with the Court on behalf of Mr. Rhodes must only be made through filings by his appointed counsel.[8]

---

[6] Rule 5(c), Rules Governing Section 2254 Cases.

[7] *See* D. Ak. HCR 8.1.

[8] *See* Local Civil Rule 11.1(a)(3) ("[a] party who has appeared by counsel may not thereafter act on the party's own behalf in the action unless an order of withdrawal of counsel has been entered by the court.").

Case No. 3:24-cv-00218-SLG, *Rhodes v. Angol*
Order re Section 2241 Proceeding
Page 4 of 5
Case 3:24-cv-00218-SLG-KFR    Document 4    Filed 10/16/24    Page 4 of 5

12. If an attorney is appointed to represent Mr. Rhodes, all communication with the Court on behalf of Mr. Rhodes must only be made through filings by his representative.[9]

13. The Clerk of Court is directed to send: (1) Motion for Appointment of Counsel (form PS08); (2) Financial Affidavit (form CJA 23); and (3) Notice of Intent to Proceed Without Counsel (form PS17) to Petitioner with this Order.

DATED this 16th day of October, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[9] *See* Local Civil Rule 11.1(a)(3) ("[a] party who has appeared by counsel may not thereafter act on the party's own behalf in the action unless an order of withdrawal of counsel has been entered by the court.").

Case No. 3:24-cv-00218-SLG, *Rhodes v. Angol*
Order re Section 2241 Proceeding
Page 5 of 5
Case 3:24-cv-00218-SLG-KFR   Document 4   Filed 10/16/24   Page 5 of 5